# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

## TYLER DIVISION

| | | |
|---|---|---|
| GEORGE S. CLEGG #681197 | § | |
| v. | § | CIVIL ACTION NO. 6:11cv268 |
| BRAD LIVINGSTON, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff George Clegg, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The lawsuit was originally filed by a number of inmates and has been severed into cases for each plaintiff. Clegg was ordered to amend his complaint to set out his claims, and he has complied with this order.

In his amended complaint, Clegg challenges as unconstitutional the TDCJ policy which directs that mail is not delivered on Saturdays. Clegg says that this policy causes an unconstitutional deprivation by withholding all of his correspondence from his family, friends, and church, as well as legal mail, on Saturdays, which is a day on which mail is processed and delivered by the U.S. Post Office. Clegg contended that this policy violates his rights under the First Amendment and also deprives him of the rehabilitating effects of receiving mail on Saturdays. He seeks monetary damages as well as injunctive relief.

After reviewing the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that the Fifth Circuit has held that inmates

1

do not have a constitutional right to receive mail on Saturdays, and other courts have held the same. The Magistrate Judge also noted that Clegg had not shown that his legal position in any matter has been actually impaired as a result of this policy. Because Clegg did not set out a constitutional violation, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief could be granted.

In his objections to the Magistrate Judge's Report, Clegg reiterates his complaint that mail is not delivered on Saturdays, a day on which he points out that mail is processed and delivered by the U.S. Postal Service. He says that "this deprivation of mail being unconstitutionally withheld by (TDCJ) Texas Department of Criminal Justice Institutional Division has been addressed in the past and found to be unconstitutional for (TDCJ) officials to withhold mail from offenders on Saturdays. See Guajardo v. Estelle, 432 F.Supp. 1373, affirmed in part, reversed in party, 580 F.2d 748; see also Brewer v. Wilkinson, 3 F.3d 816 (5th Cir. 1993)."

Neither the district court decision nor the Fifth Circuit decision in Guajardo, nor the Fifth Circuit's decision in Brewer, contain any reference to mail delivery on Saturdays. In fact, Brewer specifically says that under the TDCJ correspondence rules then in effect, incoming mail will be delivered within 48 hours except on weekends or holidays when 72 hours is allowed. Brewer, 3 F.3d 816, 818 n.2 (1993). This means that when mail was received on a Saturday, the prison officials had 72 hours, or until Tuesday, to deliver it. As the Magistrate Judge said, no case has held that prisoners have a constitutional right to receive mail on Saturdays. Clegg's objections are without merit.[1]

The Court has conducted a careful *de novo* review of the pleadings and testimony in this case, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de*

---

[1]According to the current TDCJ Inmate Orientation Handbook, available on-line at http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html, all incoming mail will be delivered within 24 hours of receipt, except on weekends or holidays, and the hours of weekends or holidays will not be used in computing the 24-hour period. Thus, if a letter is received on Saturday, it must be delivered within 24 hours, not counting Saturday or Sunday.

*novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 19) is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous or for failure to state a claim upon which relief may be granted. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED. This specifically includes, but is not limited to, Clegg's motion for consolidation of filing fees. Atchison v. Collins, 288 F.3d 177, 180 (5th Cir. 2002) (filing fees are to be collected "per case" rather than "per prisoner"). It is further

ORDERED that the Clerk shall send to Clegg copies of the court decisions in McBride v. Bremer, 990 F.2d 1253 (5th Cir. 1993), Odom v. Tripp, 575 F.Supp. 1491 (D.C.Mo. 1983), and Williams v. Hargett, 41 F.3d 663 (5th Cir. 1994).[2] Finally, it is

ORDERED that a copy of this order be sent to the Administrator of the Strikes List for the Eastern District of Texas.

**SIGNED this 2nd day of November, 2011.**

*Michael Schneider*
_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

---

[2]The numbering at the top of the first page of each case copy begins with page 2. This is because the printer cover sheet was omitted; the complete case is included.